**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**LEROY SCOTT, JR.,**

            **Petitioner,**

  v.

                                                                   Criminal Action No.: 2:03cr52
                                                                  Civil Action No.: 2:04cv469

**UNITED STATES,**

            **Defendant.**

**<u>OPINION & ORDER</u>**

This matter is before the Court on the Motion of Leroy Scott, Jr. ("Petitioner"), <u>pro se</u>, to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Petition is **DENIED** and **DISMISSED**.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

On April 15, 2003, Petitioner pled guilty to both counts of a criminal information. Doc. 8. Count One charged Petitioner with conspiracy to distribute and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. <u>Id.</u> Count Two charged Petitioner with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1). <u>Id.</u> Pursuant to Petitioner's Plea Agreement, also filed on April 15, 2003, Petitioner waived his right to appeal his conviction and any sentence imposed by the Court

---

[1]This procedural history does not reflect the complete procedural history as to Defendant, but only those proceedings relevant to the present motion.

within the statutory maximum. See id. at 3. On August 4, 2003, Petitioner was sentenced to two hundred ninety-two (292) months imprisonment on Count One and sixty (60) months on Count Two, to be served consecutively. Doc. 13.

On August 1, 2004, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, and a Memorandum in Support of the § 2255 Motion ("Motion").[2] Docs. 16, 17. In Petitioner's § 2255 Motion, he claims that (1) his sentence exceeded the statutory maximum because the drug quantities attributed to him were not proven beyond a reasonable doubt in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) his conviction and sentence for "possession a firearm in furtherance of a drug trafficking crime" was unlawful because the elements of the offense were not met; and, (3) his counsel was ineffective for failing to object to Petitioner's conviction and sentence on grounds (1) and (2). See Doc. 17.

On March 7, 2005, Petitioner filed a Motion for the Production of a Transcript, and on April 14, 2005, he filed a Motion for Leave of Court to File Supplement Pleadings. Docs. 18, 19. On May 4, 2005, the Court denied the Motion for Production of Transcript and granted Petitioner leave to file an amended pleading, pursuant to Federal Rule of Civil Procedure 15(d). Doc. 21. On October 3, 2005, Petitioner filed his amended pleading. Doc. 22. In it, Petitioner asserts three additional claims, alleging that he was denied effective assistance of counsel when (1) counsel failed to notice an appeal as Petitioner had requested; (2) counsel failed to object to the Presentence Investigation Report ("PSR"); and, (3) counsel assented to a Plea Agreement that

---

[2]Although Defendant's Motion was filed by the Clerk on August 4, 2004, it is deemed filed with the Court on the date that it was placed in the prison mailing system. See Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating the special rule for pro se prisoners in light of the challenges faced in ensuring that their court documents are timely filed); Docs. 16, 17.

"offered no benefit to both parties"—that is, he failed to obtain a Plea Agreement that would result in a satisfactorily reduced sentence. Doc. 22.

On November 28, 2005, Petitioner filed a Second Supplemental Motion in Support of Petitioner's § 2255 Motion without leave of Court, in which he asserts an additional claim that his guilty plea, and thereby the entry of his waiver of direct appeal, was involuntarily entered due to ineffective assistance of counsel regarding Petitioner's plea. See Doc. 23. Petitioner also reiterated a claim, under United States v. Booker, 543 U.S. 220 (2005), that was previously made in his principal Motion. Cf. Doc. 17 at 11-12; Doc. 23 at 2-3.

On May 18, 2006, the Court Ordered the Government to respond to Petitioner's original and supplemental motions. Doc. 24. The Government filed its Reply on July 17, 2006 (Doc. 25), and the Petitioner submitted his Rebuttal on July 31, 2006 (Doc. 26). Petitioner filed a supplemental rebuttal brief without leave of Court on November 13, 2006.[3] Doc. 27.

---

[3]Although the Petitioner did not request leave of Court to file this supplemental rebuttal brief, the Court finds that the Government will not be prejudiced by the Court's admission of this brief in light of the fact that Petitioner's brief broadly reiterates statements made in previous memoranda filed by Petitioner. See Va. Local R. 7(F)(1); Doc. 27. Specifically, Petitioner alleges that (1) he specifically requested that counsel notice an appeal; (2) that even if he did not ask for an appeal, counsel should have initiated that discussion with his client; and, (3) that counsel did not object during the sentencing hearing. Doc. 27. Petitioner also makes two new allegations in an attempt to bolster his case for ineffective assistance of counsel: (1) that counsel was ineffective for misnumbering the paragraphs of his affidavit; and, (2) that counsel did not know that law because he referred to a Rule 35(b) motion as a § 5K1.1 motion. Id. at 3-4.

The substance of the first three claims will be discussed further in this Opinion. The latter two claims, while novel to this brief, are clearly without merit. The misnumbering of paragraphs made by an attorney, whether or not he is representing the instant client at the time of drafting, is by no means objectively unreasonable, nor can it be said to prejudice Petitioner in any way. Additionally, Petitioner's counsel was not mistaken in his characterization of a Rule 35 motion as a motion pursuant to § 5K1.1 of the United States Sentencing Guidelines ("the Guidelines"). See FED. R. CRIM. P. 35 (1998 Amendments) (discussing how the temporal boundaries surrounding both rules are flexible, and stating that a defendant may receive the benefit of either rule for assistance that continues after sentencing so long as he does not benefit

## II. PETITIONER'S SECOND SUPPLEMENTAL MOTION

As a threshold matter, the Court must decide whether Petitioner's Second Supplemental Motion is properly before the Court. Title 28 of the United States Code, § 2255 ¶ 6 prescribes a one-year statute of limitations period from "when the judgment of conviction becomes final," in which to attack a petitioner's sentence or conviction. Without leave of Court, Petitioner's Second Supplemental Motion is barred by the limitations period because it was filed more than a year after Petitioner's judgment became final.

"When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Petitioner's supplemental grounds will relate back if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." FED. R. CIV. P. 15(c)(2). In Mayle v. Felix, the Supreme Court of the United States rejected an application of the "conduct, transaction, or occurrence" standard to allow relation back of claims that related to "trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, —, 125 S. Ct. 2562, 2570 (2005). The Supreme Court reasoned that if so applied "virtually any new claim introduced in an amended petition [would] relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." Id. Supplemental claims thus relate back only when they "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in

---

from both rules). Therefore, the final two claims included in Petitioner's Supplement in Support of Reply Brief are **DENIED**.

'both time and type' from the originally raised episodes." Mayle, 125 S. Ct. at 2571 (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)).

The Court finds that Petitioner's claim that his guilty plea proceeding, and thereby his entry of his waiver of direct appeal, was involuntarily entered due to ineffective assistance of counsel, arises out of the same core facts as those claims in his original and first supplemental motions, because it relates directly to Petitioner's claims of ineffective assistance of counsel and failure to notice an appeal. Doc. 23; see Pittman, 209 F.3d at 317. The Court also finds that his claim under United States v. Booker, 543 U.S. 220 (2005), is also properly before this Court because it relates to Petitioner's allegations pursuant to Booker made in his initial Motion. Doc. 23. Accordingly, because these additional claims relate to the actual content of the original claims, leave of Court is **GRANTED** as to the filing on the Second Supplemental Motion, and the date of filing will relate back to the original pleading for purpose of the statue of limitations. See Mayle, 125 S. Ct. at 2571; 28 U.S.C. § 2255 ¶ 6.

Accordingly, there are seven (7) claims properly before this Court.

### III. STANDARD OF REVIEW

A petitioner may attack his sentence if: (1) the "sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such a sentence"; and, (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255, ¶ 1. Section 2255 is a vehicle used to address errors which are constitutional, jurisdictional, or in some other respect fundamental. United States v. Addonizio, 442 U.S. 178, 185 (1979) (stating that the fundamental error must "inherently result[] in a complete miscarriage of justice"). Since this is a civil action, the burden

of proof is upon the petitioner to establish the allegations of his motion by a preponderance of evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

  The court is not required to hold an evidentiary hearing on a § 2255 petition if the record of the case conclusively shows that the petitioner is entitled to no relief. United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988); United States v. Rowland, 848 F. Supp. 639 (E.D. Va. 1994). The petitioner is entitled to have his petition and asserted issues construed liberally because of his status as a pro se petitioner. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Bearing this in mind, the Court addresses each of Petitioner's grounds for relief.

## IV. DISCUSSION

  Petitioner has raised seven (7) grounds in support of his § 2255 Motion. These grounds include: (1) Petitioner's sentence exceeded the statutory maximum because the drug quantities attributed to him were not proven beyond a reasonable doubt in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004); (2) Petitioner's conviction and sentence for "possession of a firearm in furtherance of a drug trafficking crime" was unlawful under United States v. Booker, 543 U.S. 220 (2005), because the elements of the offense were not met; (3) Petitioner's counsel was ineffective for failing to object to Petitioner's conviction and sentence on grounds (1) and (2); (4) Petitioner was denied effective assistance of counsel when counsel failed to notice an appeal as Petitioner had requested; (5) Petitioner was denied effective assistance of counsel when counsel failed to object to the PSR; (6) Petitioner was denied effective assistance of counsel when counsel assented to a Plea Agreement that "offered no benefit to both parties"; and, (7) Petitioner's guilty plea, including his entry of waiver

of direct appeal, was involuntary because counsel was deficient in representing Petitioner regarding his plea. See Doc. 17, 18, 19, 23. Each will be addressed in turn.

### A. Apprendi, Blakely, and Booker

Petitioner asserts three claims relating to the availability of relief under the Supreme Court's decisions in Apprendi, 530 U.S. 460, Blakely, 542 U.S. 296, and Booker, 543 U.S. 220. Doc. 17 at 5-17; Doc. 23 at 3. Petitioner's Apprendi, Blakely, and Booker claims, however, are not cognizable on collateral appeal. For this reason, his counsel was not ineffective for his decision not to make novel or inapplicable arguments in the course of his representation.

The Fourth Circuit has held that Booker is not retroactively available to federal prisoners on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Similarly, any relief that Petitioner claims under Blakely does not apply retroactively to Petitioner's collateral attack. See id. Therefore, Petitioner's claims under Booker and Blakely are **DENIED**.

Petitioner's Apprendi claim is similarly untenable. After Apprendi, drug quantities that increase the statutory maximum are considered elements of the offense which must be charged and proven at sentencing. United States v. Stewart, 256 F.3d 231 (4th Cir. 2001). The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing. United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993) (citing United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990)). The United States Court of Appeals for the Fourth Circuit observed that the burden can be met several ways, one of which is by the acknowledgment of the defendant during a Rule 11 colloquy. Id.

Pursuant to Petitioner's plea of guilty he affirmed that the applicable drug amount was

five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base. See Doc. 6; Doc. 8; Transcript of Plea of Guilty to Criminal Information ("Tr. PG") at 17; Transcript of Sentencing ("Sent. Tr.") at 3-4. At his guilty plea proceeding, the Court reviewed the criminal information, including the drug amounts. Tr. PG at 9, 12. When questioned by the Court, Petitioner acknowledged the sufficiency of the Government's evidence under oath and agreed to enter a plea of guilty to the drug quantities listed in the criminal information. Tr. PG at 17. Thus, Petitioner's Apprendi claim is **DENIED**.

Because the Booker and Blakely decisions had not yet been issued as of the date of Petitioner's plea of guilty or sentencing, his counsel cannot be faulted for failing to raise matters of law not yet settled. The law does not require that counsel provide every conceivable argument available within the law; only that counsel in good faith "vigorously advocate the defendant's cause." Strickland v. Washington, 466 U.S. 668, 688 (1984) (rejecting the imposition of strict guidelines on attorneys' representation in lieu of the general duties of loyalty, advocacy of the defendant's cause, bringing "to bear such skill and knowledge as will render the trial a reliable adversarial testing process"); Lenz v. Washington, 444 F.3d 295, 307 (4th Cir. 2006) (quoting Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995)) (counsel's assistance "is not rendered ineffective because he failed to anticipate a new rule of law."). Further, as noted above, the requirements of Apprendi were met by Petitioner and his counsel when the Petitioner admitted to the drug quantities before this Court. See Doc. 6; Doc. 8; Tr. PG at 17; Sent. Tr. at 3-4.

Petitioner makes the additional claim, concomitant with his claim under Booker, that the Government alleged facts which, if proven, would have been insufficient to satisfy the requirements of Count Two, possession of a firearm in furtherance of a drug trafficking crime,

because the Criminal Information and evidence proffered at the Plea of Guilty hearing did not allege Petitioner was in possession of firearm. Doc. 17 at 11-12. He contends that his counsel should have noted this and should not have allowed him to plea guilty in light of this alleged fact. Id. A review of the Criminal Information (Doc. 6) and the Transcript of the Plea of Guilty hearing reveals that the Government charged Petitioner with the required elements of possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c)(1), and at the hearing stated that it would be able to prove at trial that there was crack cocaine, powder cocaine, guns, a silencer, and equipment for making silencers at the home where Petitioner was then staying. Doc. 6; Tr. PG at 24-25. Petitioner further plead guilty to this charge knowingly and voluntarily and affirmed the accuracy of the Government's proffer. Tr. PG at 22, 25. The Court can therefore find no basis for Petitioner's allegation that his counsel was ineffective for allowing him to plea guilty to Count Two. Accordingly, Petitioner has not shown that counsel was ineffective for choosing not to pursue challenges under Blakely, Booker, or Apprendi. This third claim is, therefore, also **DENIED**.

### B. Ineffective Assistance of Counsel

*1. Standard of Review*

Petitioner's remaining claims fall under the umbrella of ineffective assistance of counsel. The Sixth Amendment guarantees every criminal defendant the right to effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 691-92 (1984). In order to prove that defense counsel was so deficient so as to warrant reversal of a conviction, a petitioner must satisfy the test set forth in Strickland. See Strickland, 466 U.S. at 687; see also Fitzgerald v. Greene, 150 F.3d 357, 368 (4th Cir.), cert. denied, 525 U.S. 956 (1998). The petitioner has the

burden of showing that his attorney's performance was objectively unreasonable (i.e., deficient), and that because of counsel's errors the petitioner was prejudiced. Id. at 687-88.

First, the petitioner must show that counsel's performance was deficient. Id. at 687. To do this, the petitioner must produce evidence that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. As part of the inquiry, the court must determine whether defense counsel's acts or omissions were "outside the wide range of professionally competent assistance." Id. at 690. The court must measure the competency of the petitioner's counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F. 3d 593, 599 (4th Cir.), cert. denied, 518 U.S. 1036 (1996). Moreover, there is a presumption that an attorney's performance is adequate. Strickland, 466 U.S. at 690. Finally, in evaluating counsel's performance, the court must show some deference to defense counsel's tactical and strategic decisions at trial. See Fitzgerald, 150 F.3d at 368-69.

Second, the petitioner must show that the defective representation "prejudiced the [petitioner]." Strickland, 466 U.S. at 687. In order for the petitioner to establish prejudice under the second prong, "the [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. However, in order for the petitioner to satisfy the prejudice prong of the Strickland inquiry after pleading guilty, the petitioner "must show that there is a reasonable probability that, but for [C]ounsel's errors, he would not have plead[] guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quoting Hill v. Lockhart, 474 U.S. 52,

59 (1985)).

*2. Discussion*

In his remaining four claims, Petitioner alleges that he was denied effective assistance of counsel (1) when counsel failed to object to the PSR; (2) when counsel assented to a Plea Agreement that "offered no benefit to both parties"; (3) when counsel failed to notice an appeal as Petitioner had requested; and, (4) that Petitioner's guilty plea, including his entry of waiver of direct appeal, was involuntary because counsel was deficient in representing Petitioner regarding the plea.  See Doc. 17, 18, 19, 23.

a. Failure to Object to the PSR

Petitioner contends that his counsel was ineffective because he failed to object to the PSR and a number of "unresolved issues" included therein.  Doc. 22 at 6.  These issues include the quantity of crack cocaine attributed to Petitioner and Petitioner's role as a leader or organizer of the offense.  Id. at 10.

Petitioner contends that his counsel objected to the PSR with regard to these matters, but withdrew the objections in order to obtain a three (3) point reduction in his offense level for acceptance of responsibility.  Id. at 13.  Petitioner, however, has not alleged that his objections would have been successful, or that they would have resulted in a reduction greater than three (3) points; rather, Petitioner has only alleged that because he had a right to object, but did not read the enumeration of rights and obligations contained in the Sentencing Procedures Order, he was not appraised of this right and counsel was deficient for failing to object on his behalf.  Id. Notably, earlier in the same Motion, Petitioner states that he was advised of his right to object during his plea of guilty.  Id. at 7; see Tr. PG at 19 ("Because you're not bound by the

[Presentence] report, you have the right to introduce evidence relevant to your sentencing at your sentencing hearing, as does the government."). Indeed, the record is clear that Petitioner's counsel withdrew the objections, which he had discussed with his client, in an effort to obtain the three (3) point reduction for acceptance of responsibility. See Doc. 22 at 13; Sent. Tr. at 20, 24 (Government argument that the Petitioner should receive three (3) points for acceptance because he had withdrawn the objections to the PSR, even though his cooperation with the Government had been "marginal"); Doc. 25, Ex. 1 ¶¶ 2, 7. The record shows that Petitioner's counsel filed objections and withdrew them as a strategic effort to ensure his client achieved a reduced sentence, a decision that did not fall below an objective standard of reasonableness. Id. Further, the record also shows that counsel successfully argued for a lower criminal history level and the three (3) point reduction for acceptance of responsibility. See Sent. Tr. at 20-21.

Accordingly, counsel's behavior was not deficient and Petitioner's argument for ineffective assistance of counsel for failing to object to the PSR is **DENIED**.

### b. Failure to Obtain a More Beneficial Plea Agreement

Petitioner next claims that his counsel was deficient because he "assented to a plea[] agreement that offered no benefit to both parties." Doc. 22 at 14. Petitioner states that he agreed to the Plea Agreement, committing Petitioner to a term of between ten (10) years and life imprisonment, with the "hope" that he would receive a ten (10) year sentence as opposed to the life maximum. Id.

Defendant cannot now claim that he was ignorant of the term of imprisonment he was facing for the crimes he committed. Prior to entering his plea of guilty, this Court told Petitioner that it could not tell him what his sentence would be, because his sentence would be based on the

statutes governing Petitioner's offenses and the Guideline recommendations as they apply to his individual conduct.  Tr. PG 8.  However, the Court did advise Petitioner that his minimum sentence for Count One would be ten (10) years and the maximum would be life imprisonment.  Id. at 8-13.  The Court further noted that Petitioner would be required to serve a mandatory minimum sentence of five (5) years on Count Two, to be served consecutively with any sentence on Count One; therefore, Petitioner would be required to serve a minimum sentence of fifteen (15) years should he enter a plea of guilty to these counts.  Id.  The Court also advised Petitioner that by entering into the Plea Agreement, he would be waiving his right to appeal any sentence the Court imposed as long as it falls within the maximum provided by the statute of conviction.  Id. at 15. Petitioner stated, under oath, that he understood and proceeded to enter his plea of guilty.  Id. at 15-16, 22.

At the sentencing hearing, Petitioner was advised by this Court that the Guideline range for his conduct and criminal history would be two hundred ninety-two (292) months to three hundred twenty-four (324) months, plus sixty (60) consecutive months for Count Two.  Sent. Tr. at 22.  At this time, Petitioner stated that he had read the PSR, that he had reviewed it with his attorney, that the facts contained therein were accurate, and his counsel had advised him of how the Guidelines applied to his case.  Id. at 21-22.

The Court therefore finds it implausible that though Petitioner was told in Court of the Guideline range, advised that he was facing fifteen (15) years to life imprisonment even before he entered his plea of guilty, agreed to a Plea Agreement stating he would received ten (10) or fifteen (15) years (including the consecutive sentence for Count Two) to life imprisonment, and stated under oath that he had discussed the Guideline range with his attorney, Petitioner

nevertheless maintains that his counsel is at fault for failing to achieve a better Plea Agreement. Not only was Petitioner made repeatedly aware of the sentencing range he was facing, but the record shows that he undermined his counsel's efforts to obtain a more significant sentence reduction by providing unreliable information and proving only marginally cooperative. See Doc. 25, Ex. 1 ¶¶ 8-9; Sent. Tr. at 23-24. Accordingly, Petitioner's claim that counsel was ineffective for failing to obtain a more beneficial Plea Agreement is **DENIED**.

### c. Failure to Notice an Appeal

Petitioner alleges that his counsel was ineffective for failing to file a notice of appeal after being asked to do so on the grounds that the Court exceeded the terms of the Plea Agreement. Doc. 22 at 3. Petitioner claims that he and his family asked counsel to file an appeal, and that his counsel failed to do so, informing him that he would not appeal. See id. at 3-4; Doc. 27 at 1. His counsel swears to the contrary. See Doc. 25, Ex. 1. In his affidavit, Petitioner's counsel states that at no point did Petitioner, or his family, request that counsel file a notice of appeal. Id. ¶ 6.

Failure to pursue an appeal requested by a petitioner constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. United States v. Peak, 992 F.2d 39 (4th Cir. 1993). This is so even when a petitioner waived his right to file an appeal, because "a waiver of appeal does not prohibit the appeal of . . . a sentence based on . . . proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of the guilty plea." United States v. Martin, 2005 U.S. App. LEXIS 24650, at * 2 (4th Cir. 2005) (citing United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994)).

"Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief." United States v.

Witherspoon, 231 F.3d 923, 925-26 (4th Cir. 2000). But "it is within the discretion of the district judge to deny without a hearing section 2255 motions which state only 'legal conclusions with no supporting factual allegations.'" Sanders v. United States, 373 U.S. 1, 19 (1962); Eaton v. United States, 384 F.2d 235 (9th Cir. 1967). Allegations of "a vague, conclusory or palpably incredible nature" do not raise factual issues which require a full hearing. Raines v. United States, 423 F.2d 526, 531 (4th Cir. 1970) (citing Machibroda v. United States, 368 U.S. 487, 495, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)). "However, when a movant presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is mandated." See United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992).

Accordingly, the Court **FINDS** that an evidentiary hearing is necessary solely to determine whether Petitioner requested that trial counsel file an appeal on his behalf. Because it finds that an evidentiary hearing is warranted, the Court **ORDERS** that Petitioner be appointed counsel for this limited purpose. See 28 U.S.C. § 2255 ¶ 8 ("if an evidentiary hearing is warranted a judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A"). If, after the evidentiary hearing, the Court determines that an appeal was requested but not filed, the proper remedy will be to allow Petitioner to file an appeal with the United States Court of Appeals for the Fourth Circuit. Peak, 992 F.2d at 42.

### d. Failure to Represent Petitioner Adequately, Resulting in Involuntary Plea

In his Second Supplemental Motion in Support of Petitioner's § 2255 Motion, Petitioner contends that by virtue of the myriad other grounds for ineffective assistance previously stated by Petitioner, the Court should find that the plea and all waivers therein are involuntary because of

the pervasiveness of counsel's ineffectiveness.  Doc. 23 at 2.  Petitioner has not given sufficient facts in support of this claim, aside from contending that because his counsel was allegedly ineffective for the reasons discussed above, this deficiency tainted the voluntariness of his plea and any waivers.  See Doc. 23 at 1-2.  Further, Petitioner acknowledged under oath that the plea entered was voluntary and that he knew the importance of his actions.  Tr. PG at 6, 16.  Petitioner also swore that he was satisfied with his attorney's representation of him and that he had no questions with regard to his attorney's advice or other actions.  Id. at 18.  Accordingly, Petitioner cannot now claim that he was not then satisfied with his counsel's performance upon entering the Plea Agreement and assenting to its terms.  His claims for ineffective assistance of counsel during plea negotiations and upon entering the plea are therefore **DENIED**.

## V. CONCLUSION

For the reasons set forth herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 as to six (6) of his claims is **DENIED** and **DISMISSED**.  These claims include: (1) that Petitioner's sentence exceeded the statutory maximum because the drug quantities attributed to him were not proven beyond a reasonable doubt in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004); (2) that Petitioner's conviction and sentence for "possession of a firearm in furtherance of a drug trafficking crime" was unlawful under United States v. Booker, 543 U.S. 220 (2005), because the elements of the offense were not met; (3) that Petitioner's counsel was ineffective for failing to object to Petitioner's conviction and sentence on grounds (1) and (2); (4) that Petitioner was denied effective assistance of counsel when counsel failed to object to the PSR; (5) that Petitioner was denied effective assistance of counsel when counsel assented to a Plea Agreement

that "offered no benefit to both parties"; and, (6) that Petitioner's guilty plea, including his entry of waiver of direct appeal, was involuntary because counsel was deficient in representing Petitioner regarding his plea.

The Court **FINDS** that an evidentiary hearing is necessary solely to determine whether Petitioner requested that trial counsel file an appeal on his behalf. Because it finds that an evidentiary hearing is warranted, the Court **ORDERS** that Petitioner be appointed counsel for this limited purpose. After counsel has been appointed for Petitioner, the Court **REQUESTS** that the parties contact the Deputy Clerk, Elva Evans, to schedule a hearing. Ms. Evans may be reached at (757) 222-7228.

The Petitioner is **ADVISED** that he may appeal this final Order by forwarding a written Notice of Appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this order.

The Clerk is **REQUESTED** to send a copy of this Opinion & Order to Petitioner and all counsel of record.

It is so **ORDERED**.

/s/
*HENRY COKE MORGAN, JR.*
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 4, 2006